The President
delivered the opinion of the Court.
Neither of the parties appear to have been dissatisfied with the valuation of the property made in 1778, nor is it disputed, but that this was a paper money contract, and so understood by the parties; for besides the other ¡woofs taken notice of at the bar, it appears, that on the 20th of Octobei', as soon probably as the parties met together after the valuation, Mr. Ambler received cOO/., the first instalment, without objection, as according with the principles of the valuation then recently made. In autusr i 1779, when the other payment became due, the tepreciation was so visibly great, as to make a m re serious impression upon parties to former contracts ; and though no rule was then established, by which to graduate the scale of. depreciation, every person was struck with the injury which would be sustained by a payment according to the nominal amount. Mr. Ambler therefore, might well think himself justifiable in evading the receipt of the 500/., nominal money, which Mr. Wyld then offered to pay him.
This was not a legal tender by Wyld, nor could it be relied upon as such; and though the General Court may (as it is said) have adopted some rule as to its effect upon a branch of the fifth section of the Act of 1781, yet neither does that apply here, since the subject was submitted to a jury, who were to judge for themselves.
Here the matter rested until the 10th of February, 1781, when the Act for scaling paper money contracts had passed, fixing a general rule for adjusting those contracts, according to the rate of depreciation at the lime they were made, but allowing a departure from that rule in particular cases, so as to meet the ideas of the parties at the time of the contract. Mr. Ambler supposed that an enquiry into the relative value be *53 tween paper and specie, as understood by the valuers at the time they made their estimate, was proper necessary, in order to furnish an equitable rule for adjusting this contract. His application therefore for this explanation, was by no means inconsistent with the fair character which that gentleman has always supported.
The paper of the 10th of February, was not a new valuation, but an explanation of the former. As such indeed It was somewhat oracular, and the Court would perhaps find it difficult to develope its meaning, if It were necessary to do so. However, Mr. Ambler supposed that it entitled him to claim 5007 specie, and he demanded that sum of Mr. Wyld, who on the other hand conceived, that this nominal sum was to be reduced by the legal scale of September 1778, which would bring it to 1007 only. To settle this great difference in opinion, the parties go into the County' Court of Henrico.
It was truly observed at the bar, that the issue in that suit left the matter of controversy open to a full and fair enquiry on the merits, and if on the trial, all the testimony offered by the parties had been admitted, and after hearing It, the jury had decided as they did, no good reason could have been urged for a new trial. But this was not the case % evidence was freely admitted on one side, and without a colour of reason was rejected on the other. The trial then was not fair and equal, not such as ought to conclude the parties. And since the injured party did not, and now cannot obtain relief In a Court of Law, it can only be afforded by a Court of Equity, and may properly be so, as Innumerable precedents will prove.
The County Court of York had original jurisdiction in Equity, not to award a new trial In Henrico Court, but to direct an issue to the same effect to be tried at its own bar. But instead of doing this, that Court, by some rule of calculation, the principles of which are concealed from our view, make up an account, and decree Mr. Ambler to refund 3957 11,?. 7id. and costs- *54 This was unquestionably erroneous, and was properly reversed.
Whether the Chancellor could assume original jurisdiction on this appeal, if York Court had it not, is a point which need not be decided, since this was not the case. He certainly had upon the reversal, a right to retain the cause, and might direct the issue to be tried at his own, or at any other bar.
It was pressed by the appellant’s counsel, that if a new trial were directed, a special direction should accompany it, pointing the jury’s inquiry to the value of the property at large, independent of the valuation fixed upon it by the persons who had made the estimate.
This would be highly improper. It was not the intention of the Legislature to let men loose from their contracts, but to allow a departure from the established scale, in cases where it was necessary, in order to meet the real contract of the parties.
The counsel need not be alarmed about objections to the form of proceeding, since being an issue out of Chancery, and to be certified there, all forms in the proceedings at Law will be out of the question.
Decree affirmed.([1])

(1) Hudfield v. Jameson, 2 Munf. 60. Terrel v. Dick, 1 Call, 540. 550.